Robert GUINEY, etc.,
Plaintiff, Appellee,

v.

Francis M. ROACHE, etc.,
Defendant, Appellant.

No. 88–1728.

United States Court of Appeals,
First Circuit.

Heard Feb. 7, 1989.

Decided May 11, 1989.

Kevin S. McDermott with whom James F. Hart, Boston, Mass., and Nancy Wintersteen were on brief, for appellant.

Lowell V. Sturgill, Civ. Div., Dept. of Justice, with whom John R. Bolton, Asst. Atty. Gen., Washington, D.C., Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., and Leonard Schaitman, Civ. Div., Dept. of Justice, Washington, D.C., were on brief, for U.S., amicus curiae.

Frank J. McGee with whom Steven M. Guiney and McGee & Phillips, Marshfield, Mass., were on brief, for appellee.

Charles R. Dougherty, Hill & Barlow, David Hoffman and Emily Lichtenstein, Boston, Mass., on brief, for Massachusetts Civ. Liberties Union Foundation, amicus curiae.

Before BOWNES, ALDRICH and BREYER, Circuit Judges.

PER CURIAM.

On April 24, 1986, the Boston Police Department issued Rule 111. That rule, in its relevant part, requires random drug testing of "all sworn and civilian personnel of the Boston Police Department." The appellee, Robert G. Guiney, president of the Boston Police Patrolmen's Association, and acting as its representative, filed suit against the Police Commissioner asking the district court to declare that the random drug testing program violated the Fourth and Fourteenth Amendments to the Constitution of the United States. The district court so found, 686 F.Supp. 956, and the Police Commissioner has appealed.

Subsequently, the Supreme Court, in *National Treasury Employees v. Von Raab*, — U.S. —, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989), held constitutional a drug testing program that the Customs Service applied (without suspecting any individual of any drug use) to customs employees who carry firearms, and to customs officials who help to enforce the drug laws. The Court, however, did not decide whether the Service could apply its testing program to other employees who handled "classified materials." Instead, the Court remanded the case, asking the lower court to develop a record that would help determine, and permit the court to weigh the significance of, the reasons for including the latter category of employees in the drug testing program.

The record in our case makes clear that the drug testing before us applies to police officers who carry firearms and to those who participate in drug interdiction. To this extent, since we can find no relevant distinction between a customs officer and a police officer, we hold the Police Department's drug testing rule to be constitutional. The rule also seems to apply to other members of the Department who may not carry firearms or enforce the drug laws. The record is not clear as to just who these latter employees may be or what may be the rationale for including them in the program. Therefore, consistent with the determination of the Supreme Court, we vacate the judgment of the district court and remand for further consideration in such manner as the court sees fit, in light of the recent Supreme Court cases *Skinner v. Railway Labor Executives Association*, — U.S. —, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989) and *National Treasury Employees v. Von Raab, supra.*

*So ordered.*